CHRISTOPHER P. BURKE, ESQ.
Nevada Bar No.: 004093
atty@cburke.lvcoxmail.com
218 S. Maryland Parkway
Las Vegas, Nevada 89101
(702) 385-7987
Attorney for Plaintiff
William R. Miller

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| WILLIAM R. MILLER, and all others similarly situated,<br><br>          Plaintiff,<br><br>v.<br><br>CRISIS COLLECTION MANAGEMENT, LLC, CHRISTOPHER ERIC MUMM and ROBERT H. BROILI.<br>          Defendants. | Case No.:<br><br><br>**COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF AND DEMAND FOR JURY TRIAL CLASS ACTION** |

Plaintiff, William R. Miller, an individual ("Miller") referred to as the "Class Representative", on behalf of himself and all others similarly situated, files this Complaint for Damages and Incidental Relief under the Fair Debt Collection Practice Act ("FDCPA") against Defendants, Crisis Collection Management, LLC dba Crisis Collections ("Crisis Collections"), and Christopher Eric Mumm, Esq. ("Mumm"), and Robert H. Broili, Esq. ("Broili") and allege as follows:

<u>INTRODUCTION</u>

1.     This class action seeks injunctive and monetary relief to redress an unlawful and deceptive pattern of wrongdoing by Crisis Collection, Mumm, and Broili

1

with respect to the renewal of judgments and affidavits of renewal of judgments of consumers in the State of Nevada.

2.    As more particularly described below Crisis Collection, Mumm, and Broili improperly renewed judgments in Nevada without properly following the strict statutory procedures of NRS 17.150 and NRS 17.214.

3.    Any renewal of judgment entails specific mailing and timing requirements. If not met, these judgments are not properly renewed. See *Leven v. Frey*, 123 Nev. 399 (2007). Thus, any attempt to collect on, levy, lien or garnish such an improperly renewed judgment violates the Fair Debt Collection Practices Act ("FDCPA").

<u>JURISDICTIONAL ALLEGATIONS</u>

4.    Plaintiff, William R. Miller, is an individual, a natural person, who is a citizen of the State of Nevada.

5.    Defendant, Crisis Collection Management, is a Nevada LLC., conducting business as Crisis Collection Services in Nevada, with its principal place of business in Nevada.

6.    Defendant, Mumm is an attorney licensed in Nevada, who is employed by or does work for Crisis Collection.

7.    Defendant, Broili is an attorney licensed in Nevada, who is employed by or does work for Crisis Collection.

8.    This is an action for damages brought by an individual consumer for Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. (hereinafter "FDCPA"), which prohibits debts collectors from

1    engaging in abusive, deceptive, and unfair practices.

2    9.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d); 28 U.S.C. §1332

3    and 28 U.S.C. §1337.

4    <u>PARTIES</u>

5    10.    At all times material hereto, the Class Representative was *sui juris* and a

6    resident of Clark County, Nevada.

7    11.    The proposed class would consist of residents of the State of Nevada who had

8    a judgment renewed by Crisis Collection, Mumm, or Broili in the year

9    preceding the filing of this complaint, that was improperly mailed or filed

10    more than 90 days before the expiration of the date the original judgment was

11    docketed.

12    12.    At all times material hereto, Defendant Crisis Collection was an LLC in

13    Nevada and Mumm and Broili were its collection attorneys licensed in

14    Nevada.

15    GENERAL ALLEGATIONS
<u>OF CLASS REPRESENTATIVE</u>

16

17    13.    The Plaintiff alleges, realleges and incorporates by reference each and every

18    allegation contained in the preceding paragraphs.

19    14.    In July 16, 1997 Ford Motor Credit Company, LLC ("Ford Motor"), received

20    a default judgment after a car repossession.

21    15.    On April 22, 2003 Ford Motor renewed its judgment.

22    16.    On March 16, 2009, Ford Motor, through Broili, renewed its judgment again.

23    However, the affidavit of mailing was prematurely mailed on March 11, 2009,

24    3

not 3 days *after* the renewal of judgment was filed as required by statute. NRS 17.214.3. Thus, it was an invalid renewal of judgment.

17. In addition, the March 16, 2009 judgment was renewed more than 90 days before the expiration of the original judgment being docketed i.e. July 16. See NRS 17.150.2 and 17.214.1(a). Thus, the March 16, 2009 renewal of judgment was an invalid for two reasons.

18. On March 5, 2015 Crisis Collection, through Mumm and Broili, renewed the invalid judgment of Ford Motor a third time. However, it was renewed more than 90 days before the expiration of the original judgment being docketed i.e. July 16. See NRS 17.150.2 and 17.214.1(a). Thus, it was an invalid renewal of judgment.

19. On March 5, 2021 Crisis Collection, through Mumm and Broili, renewed the invalid judgment of Ford Motor for a fourth time. Prior to that, on February 18, 2021 Mumm signed an Affidavit of Renewal of Judgment that was prematurely mailed on March 1, 2021. NRS 17.214.3.

20. The March 5, 2021 renewal of judgment was invalid for two reasons. One, because it was prematurely mailed on March 1, 2021. The law requires it be mailed "within 3 days *after* filing the affidavit" NRS 17.214.3. And two, it was filed more than 130 days before the expiration of the judgment renewal date. Whereas, the law provides a judgment has to be renewed within 90 days before the date the judgment expires by limitation i.e. July 16 of the renewal year. NRS 17.214(1)(a). Thus, the March 5, 2021 was invalid.

21. A true and correct copy of the original judgment and the March 1, 2021

4

renewed judgment has been attached as Exhibit "1" and "2".

FIRST CLAIM FOR RELIEF
False Representation 15 U.S.C. §1692e(2) and (5)

22.   The Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

23.   At the time the Defendants renewed Ford Motors Judgment in 2009, 2015 and 2021, they failed to comply with NRS 17.150 and 17.214. See also *Leven v. Frey*, 123 Nev. 399 (2007).

24.   That by improperly renewing Ford Motors judgment in 2021, after previous improper renewals, the Defendants violated the FDCPA.

25.   Crisis Collections, Mumm and Broili violated 15 U.S.C. §1692(e)(2) and (5) by making, and continuing to make, false representations as to the character and legal status of the debt alleged in its State Court complaint.

26.   The remedy for these is the greater of actual damages or statutory damages in the amount of $1,000 per offense, subject to the limitation imposed by 15 U.S.C. §1692k(a)(1)(B).

27.   As a sole, direct and proximate result of the foregoing, Plaintiff has been damaged in a sum to be proven at trial.

28.   As a sole, direct and proximate result of the foregoing, Plaintiff has been forced and compelled to pay an attorney to protect his rights and is entitled to his costs and damages.

SECOND CLAIM FOR RELIEF
Unfair Practices- 15 U.S.C. §1692f(1)

29. The Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

30. At the time the Defendants renewed its judgment in March 2021 it was invalid and collection was not permitted by law.

31. Crisis Collection, Mumm, and Broili violated 15 U.S.C. §1692f(1) by continuing to make representations in its renewed judgment that the Plaintiff was still obligated to pay for a debt that was not owed, because it had previously been improperly renewed several times.

32. The remedy for these actions is the greater of actual damages or statutory damages in the amount of $1,000 per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a)(1)(B).

33. As a sole, direct and proximate result of the foregoing, Plaintiff has been damaged in a sum to be proven at trial.

34. As a sole, direct and proximate result of the foregoing, Plaintiff has been forced and compelled to pay an attorney fee to protect his rights and is entitled to his costs and damages.

<u>THIRD CLAIM FOR RELIEF</u>
Declaratory Relief

35. The Plaintiff alleges, realleges and incorporates by reference each and every allegation contained in the preceding paragraphs.

36. That the Court declare that all improper renewal of judgments be deemed void and any negative credit listing be removed from each persons credit.

<u>CLASS REPRESENTATION ALLEGATIONS</u>

Statement of Maintainable Class Claim

37. Pursuant to Federal Rule of Civil Procedure 23(a), this is a case maintainable on a class-wide basis pursuant to Federal Rule of Civil Procedure 23(b)(2) and (b)(3). The Class Representative brings this action on behalf of himself and a class of all others persons similarly situated to remedy the ongoing unfair, unlawful, and/or deceptive business practices alleged herein and seek redress on behalf of all those persons who have been harmed thereby.

Identification of Common Questions of Law or Fact

38. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Class, which common issues predominate over any issues involving any individual class members.

39. The factual questions common to the Class Representative and to each class member is that each was sent a Renewal of Judgment in the form of Exhibits "1" and "2" that was invalid and has been subjected, or may be subjected to, unlawful collection activities, including garnishments, liens, levies, and adverse actions on their credit reports.

40. Pursuant to Federal Rule of Civil Procedure 23(a)(2), the principal legal question common to the Class Representative and to each class member is whether the Renewal of Judgments complied with Nevada law with respect to providing the proper notice under NRS 17.150 and NRS 17.214.

Allegations of Typicality

41. Pursuant to Federal Rule of Civil Procedure 23(a)(3), the claims of the Class Representative is typical of those of the classes they seek to represent in that

7

the Class Representative was a Renewal of Judgment in the form of Exhibits "1" and "2" and has been subjected to the collection and credit reporting activities as described above. As such the claims of the Class Representative is identical to that of the class members.

<u>Allegation of Numerosity</u>

42. Based on the best due diligence and the experience of Class Counsel, the Class Representative believes that Defendant Crisis Collections and through Mumm and Broili, have filed hundreds if not thousands of Renewals of Judgments in the past year.

43. Based on the foregoing the prospective class numbers are at least in the hundreds and are so numerous that joinder of all members would be impractical. The exact size of the proposed class and the identity of the members thereof are readily ascertainable from Crisis Collections's business records.

<u>Definition of Class</u>

44. Pursuant to Federal Rule of Civil Procedure 23(a)(3), the class is composed of all Nevada residents who in the last year preceding the filing of the instant claim:

a.      Have or had a judgment renewed by Crisis Collections, through Mumm and/or Broili, for which the mailing was improper:

b.      Had said judgment renewed in Nevada by Crisis Collections, through its agents Mumm and/or Broili: and

c.      Were mailed a Renewal of Judgment which failed to comply with the

8

mailing requirements mandated by statute disclosures under NRS 17.150 and NRS 17.214.

<u>Adequacy of Class Representative</u>

45. Pursuant to Federal Rule of Civil Procedure 23(a)(3), the Class Representative will fairly and adequately protect and represent the interest of each class member. The Class Representative has retained counsel with substantial experience in handling class actions in federal and state court.

46. The Class Representative has no conflicts of interest which would interfere with his ability to represent the interests of the class members.

<u>Appropriateness of Hybrid Class Treatment Under FRCP 23(b)(2) and (3)</u>

47. A class action is superior to other methods for the fair and efficient adjudication of this controversy. Because the damages suffered by the individual class member may be relatively small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible, would create a risk of inconsistent or varying adjudications with respect to the individual members against Crisis Collections, Mumm, and Broili.

48. The Class Representative is represented by counsel competent and experienced in both consumer protection and class action litigation.

49. Members of the proposed class who have an interest in individually controlling the prosecution of separate claims against Crisis Collections, Mumm, or Broili will not be prejudiced by this action. Each member of the

proposed class will be identified through discovery from Crisis Collections, Mumm, and Broili and will be notified and given an opportunity to opt out of the class.

50. The Class Representative does not presently know the nature and extent of any pending litigation to which a member of the proposed class is a party and in which any question of law or fact contained in the present action is to be adjudicated. The Class representative will identify any such pending litigation by discovery from Crisis Collections, Mumm, and Broili.

51. This Court is an appropriate forum for the present action in that the Class Representative is, and at all times herein mentioned, has been a resident of Clark County, Nevada; the Representatives judgment was renewed in Clark County, Nevada; Crisis Collections, Mumm, and Broili do business in Clark County, Nevada including without limitation engaging in collection work and the Renewal of Judgments to residents throughout this state.

52. Certification of a class under Federal Rule of Civil Procedure 23(b)(2), is appropriate as Crisis Collections, Mumm, and Broili have acted on grounds generally applicable to the Class with respect to the renewal of judgments as described above thereby making appropriate equitable relief with respect to the Class as a whole. Unless restrained from such activities Crisis Collections, Mumm, and Broili will continue to unlawfully harm the interests of the Class Representative and the class for which no adequate remedy at law exists.

53. Certification of a class under Federal Rule of Civil Procedure 23, is also appropriate in that:

10

a.    The questions of law or fact common to the members of the class predominate over any questions affecting an individual class member; and

b.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

54.    The Class Representative requests certification of a "hybrid" class for monetary damages under FRCP 23(b)(3) and for equitable relief under FRCP 23(b)(2). See *Penson v. Terminal Transport Co., Inc.*, 634 F.2d 989, 994 (5th Cir. 1981); *Agan v. Kaizman & Korr*, P.A., 222 F.R.D. 692 (S.D. Fla. 2004).

55.    There are no difficulties likely to be encountered by the Court in the management of this proposed class action.

56.    The Class Representatives counsel is entitled to a reasonable fee from the class members or from a common fund for the handling of this action.

**WHEREFORE**, The Plaintiff respectfully prays the judgment be entered against the Defendants for the following;

1.    To certify a class of Plaintiffs against Crisis Collection, Mumm, and Broili.

2.    With respect to the First Claim for Relief, 15 USC §1692e(2) and (5) the greater of actual damages or statutory damages in the amount of $1,000 per offense, subject to the limitations imposed by 15 U.S.C. §1692k(a)(1)(B) plus reasonable attorney fees and costs.

3.    With respect to the Second Claim for Relief, 15 USC §1692f(1) the greater of actual damages or statutory damages in the amount of $1,000 per offense, subject to the limitations imposed by 15 U.S.C. §1692(k)(a)(1)(B) plus

1    reasonable attorney fees and costs.

2    4.    With respect to the Third Claim for relief, to declare that all judgments that

3    were not properly renewed, be declared void and invalid as to each class

4    member.

5    5.    That each class members credit report be restored and any negative credit

6    listing be removed.

7    6.    For actual damages.

8    7.    For attorneys fees.

9    8.    For such other and further relief as this Court may deem appropriate.

10

Dated: This 11th day of February, 2022

11                                   */s/Christopher P. Burke, Esq.*
                                     Christopher P. Burke, Esq.
12                                   Nevada Bar No.: 004093
                                     *atty@cburke.lvcoxmail.com*
13                                   218 S. Maryland Parkway
                                     Las Vegas, Nevada 89101
14                                   (702) 385-7987
                                     Attorney for Plaintiff

15
**Exhibit "1"**  Judgment filed July 16, 1997
16   **Exhibit "2"** Latest Renewal of Judgment filed March 1, 2021

17

18

19

20

21

22

23

24                                   12

# Exhibit '1'

Judgment filed July 16, 1997

16

DFJD
THOMAS R. BROOKSBANK, ESQ.
Nevada Bar No. 002674
3753 Howard Hughes Parkway #200
Las Vegas, Nevada 89109
(702) 732-2255
Attorney for Plaintiff

FILED

Jul 16  1 43 PM '97

*Loretta Bowman*
CLERK

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

FORD MOTOR CREDIT COMPANY,
  Plaintiff,

   vs.

IMAGE LOUNGE,
WILLIAM R. MILLER,
and DOES I through V,
inclusive,
   Defendant(s).

Case No: A368006
Dept. No: XII
Docket No: R

BROOKSBANK
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL
CORPORATION

**JUDGMENT**

  In this action, the Defendant(s), Image Lounge and William R. Miller, having been served with a Summons and Complaint on February 25, 1997, and having failed to appear and answer the Plaintiff's Complaint filed herein, the legal time for answering having expired, and no answer having been filed, the default of the Defendant(s), having been duly entered according to law; upon application of the Plaintiff, Judgment is hereby entered against the Defendant(s), pursuant to the prayer of the Complaint. This is an attempt to collect a debt. Any information obtained will be used for this purpose.

1

**CE-05**

JUL 18 1997
96-916

1  WHEREFORE, by virtue of the law and by reason of the premises aforesaid, it is

2  Ordered, Adjudged and Decreed, that the Plaintiff have and recover from the Defendant(s) the

3  sum of $13,660.16, plus interest at the contract rate of 27.000%, per annum from October 9,

4  1995, together with Plaintiff's costs and disbursements incurred in this action in the sum of

5

6  $177.00 and attorney fees in the amount of $ _1500_

7  Dated this _11th_ day of _July_ , 1997.

8

9

10                                    DISTRICT JUDGE
                                      for Judge R. Hardcastle            SBP

11

12  Submitted by:

13  BROOKSBANK & ASSOCIATES

14

15

16  By _____
    THOMAS R. BROOKSBANK, ESQ.

17  Nevada Bar No. 002674
    3753 Howard Hughes Parkway #200

18  Las Vegas, Nevada 89109
    (702) 732-2255

19  Attorney for Plaintiff

20

21

22

23

24

25

26

27

28                                    2

BROOKSBANK
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL
CORPORATION

# Exhibit '2'

Latest Renewal of Judgment
filed March 1, 2021

Electronically Filed
3/1/2021 10:36 AM
Steven D. Grierson
CLERK OF THE COURT

ARJ

**CHRISTOPHER ERIC MUMM, ESQ.**
**Nevada Bar No. 3314**
**ROBERT H. BROILI, ESQ.**
**Nevada Bar No. 3685**
634 Ryland Street, Suite A
POST OFFICE BOX 3479
Reno, NV, USA 89505-3479
PH: (775) 329-5114
FX: (775) 329-5481
info@crisiscollections.com

Attorneys for the Plaintiff

## DISTRICT COURT

## CLARK COUNTY, NEVADA

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FORD MOTOR CREDIT COMPANY, LLC,

                          Plaintiff,     CASE NO.   A368006

           vs.                DEPT NO.   XII

WILLIAM R. MILLER,
IMAGE LOUNGE

                    Defendant. /

### AFFIDAVIT OF RENEWAL OF JUDGMENT
### as to WILLIAM R. MILLER "ONLY"

STATE OF NEVADA      )
                    ) ss.
COUNTY OF WASHOE   )

      I, CHRISTOPHER ERIC MUMM, ESQ., do hereby affirm and state under

penalty of perjury that the following assertions of this Affidavit are true:

      1.    That I am the attorney for Plaintiff, FORD MOTOR CREDIT

COMPANY, LLC.

      2.    The Plaintiff's name is FORD MOTOR CREDIT COMPANY, LLC,

and the Defendant is WILLIAM R MILLER.

                                                 96-00916-1

3.    The date of the Judgment is July 11, 1997, and the Judgment amount was for the principal sum of $13,660.16, plus accrued interest in the amount of $6,464.00, costs of $177.00, and attorneys fees in the amount of $1,500.00, recorded in CLARKCounty on , as Document number .

4.    There is no outstanding writ of execution.

5.    The Judgment has been partially satisfied in the amount of  $ .

6.    Post-Judgment interest has accrued at the legal interest rate, and the unpaid judgment balance is $58,876.60.

7.    The Judgment Debtor has no set-offs or counterclaims which would constitute payments or credits on the Judgment.

8.    The exact amount due on the Judgment as ofFebruary 18, 2021, is $58,876.60.

This Affidavit is made from the affiant's personal knowledge.

AFFIRMATION: This Affidavit does not contain any social security numbers.

_____

CHRISTOPHER ERIC MUMM, ESQ.
Attorney for Plaintiff

SUBSCRIBED AND SWORN to before me
on this _____ day of _____, 20 __

_____
NOTARY PUBLIC

C. MURR
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 01-70191-2- Expires June 1, 2021

16

1  DFJD:
2  THOMAS R. BROOKSBANK, ESQ.
   Nevada Bar No. 002574
3  3753 Howard Hughes Parkway #200
   Las Vegas, Nevada 89109
4  (702) 732-2255
   Attorney for Plaintiff
5
6
7                              DISTRICT COURT
8                          CLARK COUNTY, NEVADA
9  FORD MOTOR CREDIT COMPANY,
          Plaintiff,
10
                                        Case No:  A368006
11      vs.                             Dept. No: XII
                                        Docket No: R
12 IMAGE LOUNGE,
   WILLIAM R. MILLER,
13 and DOES I through V,
   inclusive,
14        Defendant(s).

15                              JUDGMENT

16

17      In this action, the Defendant(s), Image Lounge and William R. Miller, having been served

18 with a Summons and Complaint on February 25, 1997, and having failed to appear and answer

19 the Plaintiff's Complaint filed herein, the legal time for answering having expired, and no

20 answer having been filed, the default of the Defendant(s), having been duly entered according

21 to law; upon application of the Plaintiff, Judgment is hereby entered against the Defendant(s),

22 pursuant to the prayer of the Complaint.  This is an attempt to collect a debt.  Any information

23 obtained will be used for this purpose.

24

25

26

27                                      1

28

FILED
Jul 16  1 43 PM '97
Loretta Bowman
CLERK

BROOKSBANK
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL
CORPORATION

CE-05
JUL 18 1997
96-916

1   WHEREFORE, by virtue of the law and by reason of the premises aforesaid, it is

2   Ordered, Adjudged and Decreed, that the Plaintiff have and recover from the Defendant(s) the

3   sum of $13,660.16, plus interest at the contract rate of 27.000%, per annum from October 9,

4   1995, together with Plaintiff's costs and disbursements incurred in this action in the sum of

5   $177.00 and attorney fees in the amount of $ _1500 jh

6   Dated this _11th_ day of _July_ , 1997.

7

8

9

10  DISTRICT JUDGE

11  for Joffey L. Haidensitti          SBP

12  Submitted by:

13  BROOKSBANK & ASSOCIATES

14

15  By

16  THOMAS R. BROOKSBANK, ESQ.

17  Nevada Bar No. 002674

    3753 Howard Hughes Parkway #200

18  Las Vegas, Nevada 89109

    (702) 732-2255

19  Attorney for Plaintiff

20

21

22

23

24

25

26

27

28

BROOKSBANK
& ASSOCIATES
ATTORNEYS AT LAW
A PROFESSIONAL
CORPORATION

2

Electronically Filed
03/05/2015 04:50:50 PM

1  AJR
   ROBERT H. BROILI, ESQ.
2  Nevada Bar No. 3685
   PAUL A. KAPITZ, ESQ.
3  Nevada Bar No. 5386
   CHRISTOPHER ERIC MUMM, ESQ.
4  Nevada Bar No. 3314
   634 Ryalnd St., Suite A
5  POST OFFICE BOX 3479
   Reno, NV, USA 89505-3479
6  PH: (775) 329-5114
   FX: (775) 329-5481
7  info@crisiscollections.com

8  Attorneys for the Plaintiff

9                          DISTRICT COURT

10                    CLARK COUNTY, NEVADA

11 FORD MOTOR CREDIT COMPANY,
         Plaintiff,
12                                      CASE NO.   A368006

13              vs.                     DEPT NO.   XII

14 WILLIAM R. MILLER,
   IMAGE LOUNGE
15       Defendant                /

16          AFFIDAVIT OF RENEWAL OF JUDGMENT

17 STATE OF NEVADA      )
                        ) ss.
18 COUNTY OF WASHOE     )

19      I, CHRISTOPHER ERIC MUMM, ESQ., do hereby affirm and state under

20 penalty of perjury that the following assertions of this Affidavit are true:

21      1.      That I am the attorney for Plaintiff, FORD MOTOR CREDIT

22 COMPANY.

23      2.      The Plaintiff's name is FORD MOTOR CREDIT COMPANY, and the

24 Defendant is WILLIAM R. MILLER.

25

26

27

28

**CLERK OF THE COURT**

3.     The date of the Judgment is July 11, 1997, and the Judgment amount was for the principal sum of $13,660.16, costs of $177.00, and attorneys fees in the amount of $1,5.00

4.     There is no outstanding writ of execution.

5.     The Judgment has been partially satisfied in the amount of $.00.00 .

6.     Post-Judgment interest has accrued at the legal interest rate, and the unpaid judgment balance is $50,987.24.

7.     The Judgment Debtor has no setoffs or counterclaims which would constitute payments or credits on the Judgment.

8.     The exact amount due on the Judgment as of February 27, 2015, is $50,987.24.

This Affidavit is made from the affiant's personal knowledge.

AFFIRMATION: This Affidavit does not contain any social security numbers.

Print: CHRISTOPHER ERIC MUMM, ESQ.
Attorney for Plaintiff

SUBSCRIBED AND SWORN to before me
on this ___ day of _____, 20 15.

NOTARY PUBLIC

C. MURR
Notary Public - State of Nevada
Appointment Recorded in Washoe County
No: 01-70191-2 - Expires June 1, 2017

96-00916-1