1
2
3
4
5
6

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

7   WILLIAM R. MILLER,

8                                          Plaintiff(s),

9         v.

10   CRISIS COLLECTION
     MANAGEMENT LLC, et al.,
11
12                                         Defendant(s).

Case No. 2:22-CV-262 JCM (BNW)

ORDER

13
14
15
16
17

Presently before the court is defendants Crisis Collection Management, LLC, and Robert Broili (collectively, "defendants")'s motion to dismiss plaintiff William Miller ("plaintiff")'s complaint.  (ECF No. 8).  Plaintiff filed a response (ECF No. 10), to which defendant replied (ECF No. 11).

18   **I.      Background**

19
20
21
22
23
24

On July 16, 1997, a Nevada district court entered default judgment in favor of Ford Motor Company for $13,660.16 against plaintiff in a car repossession matter.  (ECF No. 1).  On April 23, 2003, Ford Motor renewed that judgment pursuant to Nevada law, which requires renewal during a certain ninety-day period and for the judgment creditor to mail a copy of the renewal affidavit to the debtor "within 3 days after filing the affidavit."  Nev. Rev. Stat. § 17.214(3); (*Id.*)

25
26
27

Six years later, Ford, through defendants, renewed the judgment a second time on March 16, 2009.  (ECF No. 1).  According to plaintiff, this renewal was defective, however, both because the affidavit of renewal was mailed on March 11, 2009 (five days before the renewal

28

James C. Mahan
U.S. District Judge

1  was filed rather than within the three days after) and because March 16 is more than ninety days

2  before July 16 (the anniversary of the docketing of the original judgment).  (*Id.*)

3  Defendants would go on to renew the judgment two more times despite this allegedly

4  "improper" first renewal: March 5, 2015, and March 1, 2021.  (*Id.*)  Plaintiff contends these

5  renewals were invalid for the same reasons as the 2009 renewal in addition to the fact that are

6  invalid because of the "flawed" 2009 renewal.  (ECF No. 10).

7  Plaintiff now brings this putative class action under the Federal Debt Collection Practices

8  Act.  (ECF No. 1).  He claims that defendants' improper renewals constitute false representations

9  and unfair practices under the FDCPA and asks for a declaration that the judgments are invalid

10  against him.  (*Id.*)  Defendants move to dismiss the complaint in its entirety.  (ECF No. 8).

11  **II.    Legal Standard**

12  A court may dismiss a complaint for "failure to state a claim upon which relief can be

13  granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

14  statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

15  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

16  factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of

17  the elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation

18  omitted).

19  "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

20  U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

21  matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (citation

22  omitted).

23  In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

24  when considering motions to dismiss.  First, the court must accept as true all well-pled factual

25  allegations in the complaint; however, legal conclusions are not entitled to the assumption of

26  truth.  *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by

27  conclusory statements, do not suffice.  *Id.* at 678.

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1   Second, the court must consider whether the factual allegations in the complaint allege a

2   plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

3   alleges facts that allow the court to draw a reasonable inference that the defendant is liable for

4   the alleged misconduct. *Id.* at 678.

5   Where the complaint does not permit the court to infer more than the mere possibility of

6   misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."

7   *Id.* (internal quotation marks omitted). When the allegations in a complaint have not crossed the

8   line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at

9   570.

10   The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d

11   1202, 1216 (9th Cir. 2011). The *Starr* court stated, in relevant part:

12   First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim
     may not simply recite the elements of a cause of action, but must contain sufficient

13   allegations of underlying facts to give fair notice and to enable the opposing party to
     defend itself effectively. Second, the factual allegations that are taken as true must

14   plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing
     party to be subjected to the expense of discovery and continued litigation.

15   *Id.*

16   If the court grants a Rule 12(b)(6) motion to dismiss, it should grant leave to amend

17   unless the deficiencies cannot be cured by amendment. *DeSoto v. Yellow Freight Sys., Inc.*, 957

18   F.2d 655, 658 (9th Cir. 1992). Under Rule 15(a), the court should "freely" give leave to amend

19   "when justice so requires," and absent "undue delay, bad faith, or dilatory motive on the part of

20   the movant, repeated failure to cure deficiencies by amendments . . . undue prejudice to the

21   opposing party . . . futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

22   The court should grant leave to amend "even if no request to amend the pleading was made."

23   *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotation marks

24   omitted).

25   **III.   Discussion**

26   Plaintiff's complaint is premised on two assumptions of law: (1) Nevada Revised Statute

27   17.214(3) is satisfied only when a judgment creditor sends a copy of the affidavit within three

28   days *after* (not on, or before) the day the judgment is renewed, and (2) judgments may only be

**James C. Mahan**
**U.S. District Judge**

renewed every six years in the ninety days immediately preceding the anniversary of the original judgment pursuant to NRS 17.214(1)(a).  Both premises are incorrect.  Defendants complied with the renewal procedures for its judgment, and plaintiff's complaint must be dismissed, with prejudice, for failure to state a claim.

Nevada law requires judgment creditors to "notify the judgment debtor of the renewal of the judgment by sending a copy of the affidavit of renewal by certified mail, return receipt requested, to the judgment debtor at his or her last known address within 3 days after filing the affidavit."  Nev. Rev. Stat. § 17.214(3).  Plaintiff asserts that because defendants mailed the affidavit too early, they forfeit their right to renew the judgment.  This interpretation strains credibility.

Nothing in the statute prevents mailing the renewal early, nor does plaintiff provide any authority supporting that proposition.  Statutory interpretation should seek to avoid absurd results.  *Gallagher v. City of Las Vegas*, 959 P.2d 519, 520 (Nev. 1998).  It would be absurd to punish defendants for being too diligent in notifying plaintiff of the renewal.  Defendants complied with the statutory formalities when they mailed the affidavits before the renewal as the mailing occurred no later than "3 days after the filing."

Similarly, defendants complied with statutory formalities when they renewed the judgment within ninety days of the expiration of each prior renewal.  While plaintiff contends that Nevada law fixes the renewal date to the anniversary of the docketing of the original judgment, this argument borders on nonsensical.

Nevada law provides that a judgment creditor must file the affidavit of renewal "within 90 days before the date the judgment expires by limitation."  Nev. Rev. Stat. § 17.214(1)(a).  A judgment is valid for six years before it must be renewed.  Nev. Rev. Stat.  §§ 11.190(1)(a); 17.150(2).  Based on those statutes, there is ninety-day window every six years in which a creditor may renew a judgment.

The six-year limitations period begins after the last "evidence of indebtedness" as to the debt itself.  *See Davidson v. Davidson*, 382 P.3d 880, 885 (Nev. 2016).  Thus, each time the judgment is renewed—giving evidence of indebtedness—the six-year clock restarts, and the

James C. Mahan
U.S. District Judge

- 4 -

judgment is valid for six years from the date of that renewal. Put another way, each time a creditor renews a judgment, a clock starts, and that creditor must renew the judgment sometime between day 2100 and day 2190 following each renewal.

Here, the original judgment was docketed on July 16, 1997. Defendants thus had from April 17, 2003, to July 16, 2003, to initially renew the judgment. They renewed on April 22, 2003, 2106 days after the initial judgment. Defendants renewed again on March 16, 2009, 2155 days after the first renewal and thus timely. Defendants renewed a third time on March 5, 2015, 2150 days after the second renewal, again timely. Defendants renewed for the final time on March 1, 2021, 2188 days after the third renewal and once again timely.

There is no support for plaintiff's contention that the renewal date fixes on the anniversary of the original judgment, nor does that theory make sense. The relevant date for each six-year period is the date it began—the date of the renewal. Defendants complied with Nevada law by timely renewing their judgment.

Thus, plaintiff's claims fail as a matter of law. Defendants timely renewed their judgment, and they satisfied the statutory mailing requirements. All three of plaintiff's claims are predicated on the assertion that defendants' renewals were invalid. Since the court has determined that these renewals were valid as a matter of law, plaintiff's complaint is dismissed in its entirety.

Although "[t]he court should freely give leave when justice so requires," the court is not obligated to do so. Fed. R. Civ. P. 15(a)(2). The court need not give leave to amend where "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995)). Thus, "leave to amend may be denied if it appears to be futile or legally insufficient." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (citing *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir. 1986)). The standard to be applied when determining the legal sufficiency of a proposed amendment is identical to that on a motion to dismiss for failure to state a claim. *Id.*

**James C. Mahan**
**U.S. District Judge**

1    Determining that plaintiff's claims fail as a matter of law, the court finds that granting

2  him leave to amend would be futile.  Interpreting the plain language of the statutes, the court

3  finds that the judgments were properly renewed and the notice was valid.  Given that, plaintiff

4  cannot state a claim for relief.  The court thus dismisses the complaint with prejudice.

5  **IV.    Conclusion**

6    Accordingly,

7    IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant's motion to

8  dismiss (ECF No. 8) be, and the same hereby is, GRANTED.

9    IT IS FURTHER ORDERED that plaintiff's complaint (ECF No. 1) be, and the same

10  hereby is, DISMISSED, with prejudice.

11    The clerk is instructed to enter judgment accordingly and close the case.

12    DATED October 27, 2022.

13

14  UNITED STATES DISTRICT JUDGE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**